UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | | |
|---|---|---|---|
| IN RE: | David A. Sexton | : | CHAPTER 13 |
| | Rebecca L. Sexton | : | |
| SSN: | xxx-xx-3278 | : | CASE NO : 08-52792 JDW |
| | xxx-xx-9321 | : | |

## CHAPTER 13 PLAN

1. The future earnings of the debtors are submitted to the supervision and control of the Trustee and the debtors(or the debtor's(s')employer) shall pay to the Trustee the sum of **$800.00** monthly.

2. From the payments so received, the Trustee shall make disbursements as follows:

   A. The trustee percentage fee as set by the United States Trustee

   B. The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated will be added to the pre-petition arrearage claim)

| Name Of Creditor | Month of First Payment Under Plan | Monthly Payment Amount |
|---|---|---|
| | | |

   C. Pre-confirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim

| Name of Creditor | Adequate Protection Amount |
|---|---|
| **AmeriCredit** | **$86.12** |
| **Westgate Resorts** | **$60.00** |

   D. After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| Name of Creditor | Amount Due | Value | Interest Rate | Collateral | Monthly Payment Amount |
|---|---|---|---|---|---|
| **AmeriCredit** | **$13,000.00** | **$8,612.50** (910 claim) | * | '07 Chrysler PT Cruiser | **$400.00** |
| **Westgate Resorts** | **$6,000.00** | **$6,000.00** | * | Time Share | **$147.00** |

**\*–6.5 % or K% whichever is less**

   E. Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of <u>$2,500.00</u> to be paid per the Distribution Schedule on the Administrative Order on Attorney Fees.

F. After the above are paid, distributions will be made to cure arrearage and other secured debts whose claims are duly proven and allowed as follows:

| Name of Creditor | Estimated Amount Due | Value | Interest Rate | Collateral |
|---|---|---|---|---|
|  |  | ------ |  |  |

**\*–6.5 % or K% whichever is less**

G. The following collateral is to be surrendered in full to the creditor:

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |
|  |  |

H. The following domestic support obligations will be paid over the life of the plan as follows: (These payments will/will not be made simultaneously with payment of the secured debt and will/will not include interest at the rate of ____%. Interest can only be included if the plan is proposing to pay all claims in full)

| Name of Creditor | Payment Amount |
|---|---|
|  |  |

I. The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of the secured debt:

J. All other 11 U.S.C. § 507 priority claims, unless already listed under 2 (H), will be paid in full over the life of the plan as funds become available in the order specified by law.

K. The debtor(s) will be the disbursing agent on the following debts: **Huff Enterprises to be paid on mortgage. US Department of Education to be paid on Student Loans.**

L. Special provisions: **The holder of all allowed secured claims shall retain the lien securing said claim until the earlier of either the payment of the debt or the discharge. Upon the release of the lien, titles to all vehicles serving as collateral for any claims treated under the plan shall be returned to the debtor within 30 days.**

M. The debtors will pay a dividend of **100%.**


**Date**: October 17, 2008                                                            /S/ David A. Sexton
                                                                                         **David A. Sexton**


**Date**: October 17, 2008                                                            /S/ Rebecca L. Sexton
                                                                                         **Rebecca L. Sexton**